UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SUBLETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:17-cv-1757-RWS |
| | ) |
| LARRY CRAWFORD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for leave to proceed *in forma pauperis*, filed by petitioner William Sublett. The motion will be granted, and the petition will be dismissed, without prejudice.

**Background**

Petitioner filed the instant petition on June 16, 2017 on a form petition used for bringing claims under 28 U.S.C. § 2254. At the time of filing, petitioner was a pretrial detainee in the St. Charles County Department of Corrections, awaiting trial on charges of aggravated stalking. For his single ground for relief, petitioner challenged his pretrial detention, claiming "right to fair and speedy trial ilegal representation" [*sic*]. (Docket No. 1 at 5). In support, petitioner claimed that his attorney had been to court without him and without his permission, and "right to face my Accusor" [*sic*]. *Id.* As relief, petitioner seeks "25 million dollars and immediate release." (*Id.* at 14).

Approximately one month after petitioner filed the instant petition, he pleaded guilty to two counts of aggravated stalking, and was sentenced to concurrent three-year prison terms. *See State v. William Henry Sublett*, Case No. 1611-CR05139-01 (11th Jud. Cir. Jul. 21, 2017). This

Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records."). Petitioner has not sought to amend his petition.

**Discussion**

As an initial matter, the Court notes that money damages are not available as a remedy under § 2254 or § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

Second, to the extent petitioner can be understood to seek relief pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal, without prejudice, due to his failure to exhaust his state court remedies. Petitioner would have the right to pursue a Sixth Amendment speedy trial claim, and any other claims for habeas relief, through a § 2254 petition timely filed after exhausting his state court remedies.

Finally, to the extent petitioner can be understood to challenge his pretrial detention in the form of a petition filed pursuant to 28 U.S.C. § 2241, the petition is subject to dismissal as moot. The power of the judiciary extends only to "cases" or "controversies." *Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005) (quoting U.S. Const. Art. III, § 2). Where subsequent developments have mooted the question sought to be adjudicated, the "case or controversy" requirement is not met. *Id.* (citing *Flast v. Cohen*, 392 U.S. 83, 95, (1968)). "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citing *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980)) (internal quotations omitted). Federal courts have held that a petitioner's conviction moots the challenge to the prior detention

even if the petitioner is currently incarcerated under the conviction itself. *Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990).

Even assuming, arguendo, that petitioner were still a pretrial detainee, he would not be entitled to relief pursuant to § 2241. Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in a subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973). However, a petition must contain enough facts to state a claim as a matter of law, and must not be merely conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

In this case, petitioner's allegations are merely conclusory. He alleged no facts which, if proved, would have demonstrated that he was deprived of a right to a speedy trial. In addition, it is not apparent what "speedy trial" law petitioner claimed was violated. "The question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Petitioner could have raised his claim with his counsel during his criminal proceedings.

The Court has considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal

constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Because petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of September, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE